This is an appeal from judgments of conviction and sentence entered by the Meigs County Common Pleas Court, upon a jury verdict, finding Charles Whittington, defendant below and appellant herein, guilty of escape in violation of R.C.2921.34(A). The following error is assigned for our review:
 "THE TRIAL COURT ERRED BY ENTERING A JUDGMENT OF CONVICTION FOR ESCAPE AS A FIFTH-DEGREE FELONY WHEN THE EFFECTIVE STATUTORY LANGUAGE IN OHIO REVISED CODE SECTION 2921.34(C)(2)(d) MANDATED THAT THE LEVEL OF THE OFFENSE BE A FIRST-DEGREE MISDEMEANOR."
The facts in this case are relatively undisputed by the parties and are set forth in the record as follows. On September 18, 1997, appellant was convicted of unauthorized use of a motor vehicle, in violation of R.C. 2913.03, a first degree misdemeanor, and sentenced to six (6) months imprisonment in the Meigs County Jail. He was granted a temporary release from confinement on January 21, 1998, so that he could attend the funeral of his girlfriend's grandmother. The terms of that release provided for him to return to jail later in the afternoon. However, he failed to appear as scheduled and instead made his way to Florida where he was later arrested and extradited back to Ohio.
On February 11, 1998, the Meigs County Grand Jury returned an indictment charging him with one (1) count of escape in violation of R.C. 2921.34(A). Appellant entered a plea of "not guilty." He also made several challenges to the degree of the offense with which he had been charged.[1] The State's position was that this was a felony offense.[2] Appellant argued to the contrary and asserted that the crime of escape in this case would be a first degree misdemeanor. The trial court rejected that argument and ruled that the matter would proceed as a fifth degree felony.[3] A trial was held on July 30, 1998, and the jury returned a verdict of "guilty." Appellant was later sentenced to a definite one (1) year term of imprisonment. Judgment to that effect was entered on August 18, 1998, and this appeal followed.
Appellant argues in his assignment of error, as he did below, that the crime of escape in this instance was a first degree misdemeanor and that he should have been convicted and sentenced as such rather than for a fifth degree felony. We agree. Our analysis begins with R.C. 2921.34(A) which defines escape, inter alia, as purposely breaking detention or purposely failing "to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving in intermittent confinement." There is no question here that appellant violated the provisions of this statute. He was released from the Meigs County Jail on a temporary basis for the specific purpose of attending the funeral for his girlfriend's grandmother. He then failed to return at the appointed time set forth in that release. The pivotal issue which we must resolve in this case is the degree of the offense. To that end, we turn to R.C.2921.34(C) which states, in pertinent part, as follows:
 "Whoever violates this section is guilty of escape.
 (1) If the offender, at the time of the commission of the offense, was under detention as an alleged or adjudicated delinquent child or unruly child and if the act for which the offender was under detention would not be a felony if committed by an adult, escape is a misdemeanor of the first degree.
 (2) If the offender, at the time of the commission of the offense, was under detention in any other manner or was a sexually violent predator for whom the requirement that the entire prison term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code be served in a state correctional institution has been modified pursuant to section 2971.05 of the Revised Code, escape is one of the following:
* * *
 (c) A felony of the fifth degree, when any of the following applies:
 (i) The most serious offense for which the person was under detention is a misdemeanor.
 (ii) The person was found not guilty by reason of insanity, and the person's detention consisted of hospitalization, institutionalization, or confinement in a facility under an order made pursuant to or under authority of section 2945.40, 2945.401, or 2945.402 of the Revised Code.
 (d) A misdemeanor of the first degree, when the most serious offense for which the person was under detention is a misdemeanor and when the person fails to return to detention at a specified time following temporary leave granted for a specific purpose or limited period or at the time required when serving a sentence in intermittent confinement." (Emphasis added.)
It is not entirely clear from the record how the trial court reached its conclusion that appellant's offense was a fifth degree felony. However, at a June 8, 1998 pre-trial hearing, the State argued that this was the case under subsection (C)(2)(c)(i) of the statute. Appellant took a contrary position and asserted that the degree of the offense is controlled by subsection (C)(2)(d) and would be a first degree misdemeanor. Counsel for both sides agreed that the General Assembly "didn't do a very good job of writing this law." Although this Court certainly concurs in that assessment, we ultimately conclude that appellant's interpretation of the statute is the correct one.
Each of these statutory subsections addresses a situation where the escapee was being detained on a previous misdemeanor conviction. The difference between the two of them is that subsection (C)(2)(d) contains several additional elements. Those elements are (1) that the escapee failed to return to detention at a specified time following temporary leave granted for a specific purpose or limited period, or (2) that the escapee, serving a sentence of intermittent confinement, failed to return to detention at the time required. The statute sets out these additional elements in the disjunctive. This means that, if either one of them are met, the statutory subsection will apply. See generally Iwenofu v. St. Luke School (Feb. 4, 1999), Cuyahoga App. No. 733355, unreported; State v. Napier
(Oct. 19, 1998), Warren App. No. CA98-04-048, unreported; Wisev. Timmons (Jan. 22, 1991), Pickaway App. No. 89CA14, unreported. Appellant was released from the Meigs County Jail for a limited period of four hours for the specific purpose of attending the funeral of his girlfriend's grandmother. He then failed to return to jail when that period was over. This clearly meets the requirements of R.C. 2921.34(C)(2)(d).[4]
However, the facts of this case also meet the requirements of subsection (C)(2)(c)(i) and we must determine which of them should have been applied below. To answer that question, we turn to R.C. 1.51 which states that, if a general statutory provision conflicts with a special provision, they shall be construed (if possible) to give effect to both of them. We believe that these two provisions are reconcilable particularly when viewed in the context of the method by which a particular misdemeanant escapes from detention. Those who actually "break" or, "attempt to break," from detention are charged with a fifth degree felony pursuant to subsection (C)(2)(c)(i). However, if a misdemeanant is already lawfully outside the place of detention, such as being granted temporary leave for a specific purpose or limited period, or is serving intermittent confinement, but then fails to return to detention at the appointed time, he is charged with a first degree misdemeanor pursuant to subsection (C)(2)(d). This interpretation would indicate that the General Assembly simply decided to treat misdemeanant escapees differently depending on the circumstances of their escape. We agree that these statutory subsections are anything but a model of clarity. Nevertheless, this interpretation gives effect to both subsections and would appear to be a reasonable explanation of legislative intent.
Our ruling would be the same even assuming,arguendo, that the interplay between these two subsections could not be explained in this manner. If the conflict between a general and special statutory provision is irreconcilable, the special provision usually prevails as an exception to the general provision. R.C. 1.51; also see State v. Darrah (1980),64 Ohio St.2d 22, 25; 412 N.E.2d 1328, 1330. Further, criminal statutes are to be strictly construed against the state and liberally construed in favor of the accused. See State v.Flontek (1998), 82 Ohio St.3d 10, 14; 693 N.E.2d 767, 771;State v. Hill (1994), 70 Ohio St.3d 25, 31; 635 N.E.2d 1248,1253; State v. Hooper (1979), 57 Ohio St.2d 87, 89;386 N.E.2d 1348, 1350. If subsections (C)(2)(c)(i) and (C)(2)(d) cannot be reconciled in the manner set forth above, then these principles would require that a misdemeanant escapee be charged with the lesser degree of the offense of escape. In any event, appellant's arguments are well taken. The charges against him should have been classified as a first degree misdemeanor rather than a fifth degree felony. His assignment of error is well taken and, accordingly, sustained.
Because appellant does not challenge the jury's verdict finding him guilty of escape, and because the evidence adduced below was more than sufficient to support that finding, his conviction for violating R.C. 2921.34(A) will not be reversed. Instead, it will be modified pursuant to App. R. 12(A)(1)(a) to reflect that his offense was a first degree misdemeanor rather than a fifth degree felony. The trial court's sentencing entry will be reversed, however, and this matter will be remanded for a new sentence consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSEREMANDED FOR FURTHER PROCEEDINGS
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs in Judgment Opinion
Kline, P.J.: Concurs in Judgment Only
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] These challenges included both oral and written pro se motions to dismiss the indictment for "mistaken charging" as well as a pre-trial request by appointed counsel for clarification on the issue of whether he should be charged with felony or misdemeanor escape.
[2] The indictment originally set forth that the charge was a fourth degree felony. However, it was agreed at a pre-trial conference held June 8, 1998, that this crime was, in fact, a fifth degree felony.
[3] The court was nevertheless sufficiently concerned about the language of the statute to express that, if convicted, the "appeals process" would be allowed to take "its course" before appellant would be required to serve any greater time for the felony conviction than he would have had to serve for a misdemeanor conviction.
[4] The State argued below that subsection (C)(2)(d) would not apply here because appellant was not serving "intermittent confinement." While this argument is factually correct, it misses the point that, as stated above, the additional elements set forth in this subsection are phrased in the disjunctive. Appellant was given "temporary leave" from incarceration for a "specific purpose" which meets the first part of the subsection. It is therefore irrelevant that his confinement was not intermittent.